IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONALD RAY DEAN | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-07-CV-0470-N |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Donald Ray Dean, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

In 1999, petitioner pled guilty to aggravated assault with a deadly weapon and was sentenced to deferred adjudication probation. No appeal was taken. While on probation, petitioner was charged with two counts of theft. In 2005, petitioner pled guilty to the theft charges and was sentenced to seven years confinement. The trial court also revoked petitioner's probation in the aggravated assault case. Petitioner did not appeal his theft convictions or probation revocation. Instead, he filed three applications for state post-conviction relief. All three applications were denied without written order. *Ex parte Dean*, Nos. 66,767-01, 66,767-02 & 66,767-03 (Tex. Crim. App. Feb. 14, 2007). Petitioner then filed this action in federal district court.

II.

In three grounds for relief, petitioner contends that: (1) his guilty pleas were involuntary; (2) he received ineffective assistance of counsel; and (3) the trial court failed to consider his diminished mental capacity at sentencing.

By order dated April 13, 2007, the court *sua sponte* questioned whether this case was time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner addressed the limitations issue in a written reply filed on May 7, 2007. The court now determines that this case should be dismissed on limitations grounds.

A.

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *Id.*

§ 2244(d)(2). The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner pled guilty to aggravated assault with a deadly weapon and was placed on deferred adjudication probation. Judgment was entered on October 12, 1999 and no appeal was taken. Therefore, petitioner's aggravated assault conviction became final for limitations purposes 30 days thereafter on November 11, 1999. TEX. R. APP. P. 26.2(a) (notice of appeal in criminal case must be filed within 30 days after sentence is imposed); *see also Caldwell v. Dretke*, 429 F.3d 521, 530 (5th Cir. 2005), *cert. denied*, 127 S.Ct. 431 (2006) (order placing defendant on probation or deferred adjudication community supervision is a final judgment for purposes of the AEDPA statute of limitations). Petitioner pled guilty to two counts of theft and was sentenced to seven years confinement on November 7, 2005. His probation on the aggravated assault charge was also revoked at that time. Because petitioner did not appeal his theft convictions or probation revocation, those convictions became final 30 days thereafter on December 7, 2005. *See* TEX. R. APP. P. 26.2(a). Petitioner filed separate state writs challenging his aggravated assault and two theft convictions on November 22, 2006. All three writs were denied on February 14, 2007. Petitioner filed this action in federal court on March 8, 2007.

The AEDPA statute of limitations on petitioner's aggravated assault conviction started to run on November 11, 1999 when that conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A).[1] Yet petitioner waited more than *seven years* to challenge his aggravated assault conviction in state or

---

[1] To the extent petitioner argues that the AEDPA cannot be applied retroactively to bar federal habeas review of his aggravated assault conviction, that argument is without merit. The AEDPA was enacted on April 24, 1996, more than three years before petitioner's aggravated assault conviction became final.

federal court. The one-year limitations period on petitioner's theft convictions started to run on December 7, 2005. *Id.* That period was tolled from November 22, 2006 until February 14, 2007, a total of 84 days, while a properly filed application for post-conviction relief was pending in state court. Even allowing for this statutory tolling period, petitioner filed his federal writ seven days late.

In an attempt to avoid dismissal on limitations grounds, petitioner argues that he was misled by his attorney, who told him that he "couldn't appeal the convictions because that was part of the plea bargain." (Pet. Reply at 4). A habeas petitioner may be entitled to equitable tolling when he is deceived by his attorney into believing that a timely federal writ had been filed on his behalf. *See United States v. Wynn*, 292 F.3d 226, 230-31 (5th Cir. 2002). However, petitioner does not allege that his attorney told him anything about his ability to file a federal writ. Counsel merely advised petitioner that he had waived his right to appeal as part of the plea bargain. Although counsel may have failed to make that distinction clear, "mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified." *Cousin v. Lensing*, 310 F.3d 843, 848-49 (5th Cir. 2002), *cert. denied*, 123 S.Ct. 2277 (2003).

Petitioner also claims that he miscalculated the limitations period due to the effects of powerful psychoactive drugs he takes for post-traumatic stress disorder. (*See* Pet. Reply at 5). The Fifth Circuit has recognized that mental incompetency may support equitable tolling of the limitations period. *See Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999), *cert. denied*, 121 S.Ct. 1124 (2001). However, petitioner has failed to allege sufficient facts or adduce any evidence that his mental condition or the side effects of his medications rendered him incompetent such that he was prevented from seeking post-conviction relief during the AEDPA limitations period. *See Hennington v. Johnson*, No. 4-00-CV-0292-A, 2001 WL 210405 at *2 (N.D. Tex. Feb. 28, 2001),

*COA denied*, No. 01-10395 (5th Cir. Aug. 23, 2001) (conclusory assertions of mental illness insufficient to justify equitable tolling of limitations period).

Finally, petitioner contends that he was unaware of the of the AEDPA until April 28, 2006 when he arrived at the Pack One Unit and heard other prisoners talking about the statute. Like petitioner's other excuses, ignorance of the law does not constitute a "rare and exceptional circumstance" sufficient to toll the statute of limitations. *See Felder v. Johnson* 204 F.3d 168, 172-73 (5th Cir.), *cert. denied*, 121 S.Ct. 622 (2000).[2]

### **RECOMMENDATION**

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 9, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[2] Statutory tolling may be justified where a prisoner is ignorant of the statute of limitations governing federal habeas proceedings and is unable to obtain a copy of the AEDPA from prison authorities. *See Egerton v. Cockrell*, 334 F.3d 433, 438 (5th Cir. 2003). However, petitioner does not allege, much less prove, that he could not obtain a copy of the statute from the prison law library.